### SHERMAN v APARTMENT HOUSE CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 21, 1932

L. L. George, Youngstown, for plaintiff in error.

Osborne Mitchell, Youngstown for defendant in error.

FARR, J.

Therefore but a single issue is involved in this case, and that is the construction of this condition. If perchance it should be construed in Sherman's favor, then he is entitled to recover $1,000 from the Apartment House Company. If, on the other hand, the construction is in favor of the Company, then Sherman is not entitled to recover.

As before stated, the trial court found for the defendant below. It becomes readily apparent then that the condition of the contract relating to the construction of the building or buildings by Sherman and the surrender of possession is an important part of the rental contract or lease, and that is wholly dependent upon its construction that the rights of the parties may be determined. This provision reads as follows:

"It is understood by the parties, hereto, in the event the party of the first part shall elect to cancel this lease by reason of an opportunity to sell, or otherwise lease the same to an advantage, upon written notice of sixty days, the party of the second, part shall proceed at once to vacate the property. The party of the first part at the time party of the second part vacates the property shall pay to said party of the second part, one thousand dollars, as it is understood that the party of the second part is to erect such buildings on said property as may be necessary to conduct his business, and that the same remain the property of the party of the first part at the time of vacating the property."

Now, the party of the first part is the Apartment House Company. Party of the second part is the lessee, Frank Sherman. Reference may be had again to the provision as follows:

"It is understood by the parties hereto, in the event the party of the first part shall elect to cancel this lease by reason of an opportunity to sell, or otherwise lease the same to an advantage, upon written notice of sixty days, the party of the second part shall proceed at once to vacate the property. The party of the first part at the time party of the second part vacates the property shall pay to said party of the second part, one thousand dollars, as it is understood that the party of the second part is to erect such buildings on said property as may be necessary to conduct his business, and that the same remain the property of the party of the first part at the time of vacating the property."

In the instant case Sherman, the lessee, elected to vacate the premises, he being the party of the second part. He gave notice to the lessor, the Apartment House Company, that he intended so to do and he did do so. He then brought an action to recover the $1,000. This clause in the contract has been read a number of times, but each time with the conclusion that the

right to recover the $1,000 inhered on the part of the second party **only** in the event that party of the first part gave him notice to vacate when it might have the opportunity to re-rent to its advantage. It is well settled in Ohio that contracts are to be construed all together. This contract, as above stated, has been read in full but no other part of the same relates to this dispute. Had the lessor given the lessee a notice to vacate, then there would have been no question about the lessee's right to recover his $1,000, but he elected to vacate and **he** gave the notice to the party of the first part, and in that event it is not believed that there is any provision for the recovery of his $1,000. He had the right to remain the entire period of five years in the absence of a notice upon the part of the party of the first part to terminate the contract, but in the interim he decided that he would no longer occupy the premises and gave a notice to that effect. If the parties had intended otherwise than as just indicated, how easily they might have introduced in this provision the further provision that in the event the party of the second part surrendered the premises before the expiration of his term, he then should have the right to his $1,000.

Having reached the conclusion that the judgment of the court below is right, it follows that it must be affirmed and it is so ordered.

ROBERTS and POLLOCK, JJ, concur in the judgment.